UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL F. KLINGEL, KATHLEEN ) <br> E. KLINGEL, and LEE C. MCMURRAY, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> DAS ACQUISITION COMPANY, LLC, ) <br> d/b/a USA Mortgage, ) <br> ) <br> Defendant(s). ) | Case No. 4:12CV1194 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant DAS Acquisition Company, LLC's ("DAS") Motion for Summary Judgment, filed December 17, 2012. (ECF No. 35). The motion is fully briefed and ready for disposition.

**BACKGROUND**

In 2011, Plaintiffs Russell F. Klingel and Kathleen E. Klingel entered into a transaction with DAS to obtain a residential mortgage loan for property located in Missouri. (Amended Class Action Complaint ("Compl."), ¶ 11). The settlement date for the Klingels' loan transaction was July 29, 2011. (Id., ¶ 12). In association with the loan, DAS charged an origination charge of $1,215. (DAS's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("DAS's Facts"), ¶ 3).

In late 2010, Plaintiff Lee C. McMurray entered into a transaction with DAS to obtain a residential mortgage loan for a property located in Missouri. (Compl., ¶ 19). The settlement date

for Ms. McMurray's loan transaction was December 27, 2010. (Id., ¶ 20). In association with the loan, DAS charged an origination charge of $1,569. (DAS's Facts, ¶ 10).[1]

Plaintiffs maintain the origination charges, referenced in the HUD-1 statements allegedly prepared by DAS, were "illegal and improper charges." (Compl., ¶¶ 13-16, 21-24). Specifically, Plaintiffs assert that for valuable consideration, DAS prepared, procured, and/or assisted in the preparation or procurement of legal documents in connection with Plaintiffs' loan transactions, including deeds, notes, and/or a PUD rider, which were not created or reviewed by a licensed Missouri attorney. (Id., ¶¶ 48-54). Plaintiffs thus maintain that "[a]ll fees [Plaintiffs] paid to DAS concerning the illegal transaction[s] should be disgorged." (Id., ¶¶ 18, 26).[2]

Based on these allegations, as stated above Plaintiffs filed their original Class Action Petition against DAS and Ellie Mae in Missouri State Court on May 4, 2012. DAS removed the Petition to this Court on July 3, 2012. (ECF No. 1). On September 10, 2012, Plaintiffs dismissed their claims against Ellie Mae without prejudice. (ECF Nos. 23, 24). Plaintiffs then filed their Amended Class Action Complaint against DAS on December 14, 2012. (ECF No. 32).

In Count I of their Amended Class Action Complaint, Plaintiffs assert DAS unlawfully was "doing law business," when it prepared, procured, and/or assisted in the preparation or procurement of the above-mentioned legal documents. (Compl., ¶¶ 46-55). In Count II, Plaintiffs maintain DAS violated the Missouri Merchandising Practices Act. (Id., ¶¶ 56-63). In Count III, Plaintiffs allege

---

[1] Plaintiffs attached the U.S. Department of Housing and Urban Development Settlement Statements (HUD-1) for both loan transactions to their original Class Action Petition, filed in Missouri State Court on May 4, 2012, and removed to this Court on July 3, 2012.

[2] Plaintiffs further assert that all fees paid by DAS to non-party Ellie Mae, Inc. concerning Plaintiffs' transactions were illegal and improper charges that should be returned to Plaintiffs. (Compl., ¶¶ 17, 25).

DAS was unjustly enriched, when it charged Plaintiffs for services it did not perform or did not perform lawfully. (Id., ¶¶ 64-69).

As stated above, DAS filed the instant Motion for Summary Judgment on December 17, 2012, claiming there exist no genuine issues of material fact and DAS is entitled to judgment as a matter of law. (ECF No. 35).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson,

477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

### I.  Count I

Missouri statutes define the "law business" as:

[T]he advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights....

Mo. Rev. Stat. § 484.010.2; *see also Hargis v. JLB Corp.*, 357 S.W.3d 574, 578 (Mo. banc 2011). The Missouri Supreme Court has held that promissory notes and deeds of trust are legal documents, and that it constitutes the unauthorized practice of law to have non-attorneys charge a fee or vary their customary charges to prepare such documents. *See Hargis*, 357 S.W.3d at 579 (citing *Eisel v. Midwest BankCentre*, 230 S.W.3d 335, 339 (Mo. banc 2007)). In striking a workable balance between public convenience and protection, however, the Missouri Supreme Court has allowed the completion of certain standardized legal forms by non-attorneys, "so long as the preparing party has a personal interest in the transaction and no separate fee is assessed." *Carpenter v. Countrywide Home Loans, Inc.*, 250 S.W.3d 697, 702 n. 4 (Mo. banc 2008) (citing *In re First Escrow, Inc.*, 840 S.W.2d 839, 846-47 (Mo. banc 1992); *Hulse v. Criger*, 247 S.W.2d 855, 860-63 (1952)).

In its motion, DAS asserts the undisputed evidence conclusively demonstrates it did not engage in the unauthorized practice of law, because DAS neither charged Plaintiffs a separate additional fee for document preparation, nor varied its customary charges based upon whether legal documents were prepared. (DAS's Memorandum of Law in Support of its Motion for Summary Judgment, P. 8). As support for this assertion, DAS notes the HUD-1 settlement statements, which Plaintiffs certified as true and accurate statements of the relevant charges, did not include any separate

fee for document preparation.  (Id.).  DAS further attaches an affidavit from Douglas A. Schukar, President and Chief Executive Officer of DAS, in which he attests DAS did not charge Plaintiffs a separate additional fee for document preparation, or vary its customary charges based on whether legal documents were to be prepared in connection with Plaintiffs' loan transactions.  (Schukar Affidavit, ¶¶ 8, 15).[3]

Upon consideration, the Court agrees Plaintiffs' allegations fail to state a claim for the unauthorized practice of law business.  For example, in their Amended Class Action Complaint, Plaintiffs allege only that the HUD-1 statements referred to origination and adjusted origination charges, and that such charges were "illegal and improper."  (Compl., ¶¶ 14-16, 22-24).  Plaintiffs fail to connect the fees with any document preparation by DAS, however, as required to establish the unauthorized practice of law.  *See, e.g.*, *Eisel*, 230 S.W.3d at 339 ("[A] non-lawyer *charging a fee* for document preparation constitutes the unauthorized business of law") (emphasis added); *Hargis*, 357 S.W.3d at 579 (holding promissory notes and deeds of trust "were legal documents and that [Defendant] engaged in the unauthorized practice of law by having non-attorneys prepare such documents *for a fee*") (emphasis added); *Westerfeld v. Independent Processing, LLC*, 2012 WL 1684500 (E.D. Mo. May 15, 2012).  Furthermore, Plaintiffs fail to present any competent evidence tending to show that DAS varied its customary charges based on the preparation of legal documents. Rather, Plaintiffs attempt to support this contention merely by noting that the Klingels and Ms. McMurray were charged different origination fees for their transactions, and executed different documents.  The fact of differing fee schedules and documentation alone, however, does not establish

---

[3] Schukar testified the origination charges were imposed to compensate DAS for its lending services in connection with the loan transactions.  (Schukar Aff., ¶¶ 6, 13).

a variance in charges based on document preparation. This portion of DAS's Motion for Summary Judgment must therefore be granted.

## II.   Counts II And III

Upon review, the Court finds Plaintiffs' claim for violation of the Missouri Merchandising Practices Act is predicated on the unauthorized practice of law claim, and thus fails for the above stated reasons. *See Schriener v. Quicken Loans, Inc.*, 2012 WL 6553830, at *2 (E.D. Mo. Dec. 14, 2012). Further, while it is true that the elements of an unjust enrichment claim are "entirely different" than those of an unauthorized practice of law claim, *see Hargis*, 357 S.W.3d at 586, Plaintiffs nevertheless fail to state a claim for unjust enrichment. *Schriener*, 2012 WL 6553830, at *2. In other words, the inequitable circumstances alleged in Plaintiffs' unjust enrichment claim are that DAS benefitted from a loan transaction in which the underlying documents were created without the involvement of a Missouri-licensed attorney, and therefore the claim depends on Plaintiffs' having directly paid a fee for the preparation of said documents, a fact they do not plead. *See Schriener v. Quicken Loans, Inc.*, 2013 WL 147842, at *2 (E.D. Mo. Jan. 14, 2013). Plaintiffs' unjust enrichment claim thus is inextricably tied to their unauthorized practice claim, and so DAS's Motion for Summary Judgment on Count III of Plaintiffs' Amended Class Action Complaint must be granted.[4]

---

[4] In light of the above rulings, the Court need not consider DAS's alternative basis for summary judgment with respect to Ms. McMurray. In any event, the Court finds fact questions remain with respect to whether Ms. McMurray had standing to pursue her claims in this Court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant DAS Acquisition Company, LLC's Motion for Summary Judgment (ECF NO. 35) is **GRANTED**, and Plaintiffs' claims are **DISMISSED** with prejudice. An appropriate Judgment will accompany this Memorandum and Order.


Dated this 8th day of February, 2013.

/s/ Jean C. Hamilton<br>
UNITED STATES DISTRICT JUDGE